UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUC VAN NGUYEN,

        Plaintiff,                                       Case No. 1:22-cv-11628

v.                                                               Honorable Thomas L. Ludington
                                                                     United States District Judge

MICHELLE FLOYD et al.,

        Defendants.
_____/

**OPINION AND ORDER VACATING ORDER TO CORRECT FILING DEFICIENCY
AND SUMMARILY DISMISSING CASE**

In this *pro se* prisoner civil-rights case filed under 42 U.S.C. § 1983, Plaintiff Duc Van Nguyen, an inmate at the Cooper Street Correctional Facility, sues the warden of his facility, the mailroom supervisor, and unknown mailroom workers. Plaintiff argues Defendants mishandled and failed to deliver letters from his counsel informing him that he lost the appeal of his habeas case. He asserts this costed him the opportunity to file a petition for en banc rehearing and a petition for a writ of certiorari. This Court will summarily dismiss the Complaint because Plaintiff has not alleged an injury in fact and because his claim is barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**I.**

**A.**

Plaintiff paid the full filing fee.[1] Yet under the Prison Litigation Reform Act (PLRA), this Court may *sua sponte* dismiss a prisoner complaint before service on the defendants if the action

---

[1] Plaintiff's payment was docketed after this Court issued its deficiency order. Accordingly, that order, ECF No. 3, will be vacated.

is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to state a federal civil-rights claim, Plaintiff must allege (i) that he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and (ii) that a person acting under color of state law caused the deprivation. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978).

Federal courts must liberally construe *pro se* civil-rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Although such a complaint "does not need detailed factual allegations," it must "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). That is, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if it reasonably infers "that the defendant is liable for the misconduct alleged." *Id*.

B.

Plaintiff was convicted in the Midland Circuit Court of several assaultive felony offenses, and he was sentenced to a controlling term of 11–30 years in prison. *See Nguyen v. Barrett*, No. 2:17-CV-11294 (E.D. Mich. Oct. 1, 2020), ECF No. 12 at PageID.1379. After losing on appeal, *see People v. Nguyen*, No. 314193, 2014 WL 2040043 (Mich. Ct. App. May 15, 2014) (unpublished) (per curiam), being denied leave to appeal by the Michigan Supreme Court, *see People v. Nguyen*, 857 N.W.2d 34 (Mich. 2014) (mem.), and being denied a writ of certiorari by

the United States Supreme Court, *see Nguyen v. Michigan*, 576 U.S. 1008 (2015) (mem.), Plaintiff filed a petition for writ of habeas corpus in the Eastern District of Michigan.

United States District Judge Laurie J. Michelson conditionally granted Plaintiff habeas relief with respect to a sentencing claim, but she denied relief with respect to his remaining claims. *Nguyen v. Barrett*, No. 2:17-CV-11294, 2020 WL 9600819 (E.D. Mich. Oct. 1, 2020). Judge Michelson also denied Plaintiff a certificate of appealability. *Id.* at *11 ("[N]o reasonable jurist would argue that Nguyen should be granted habeas relief on those claims.").

Both parties appealed. Michigan voluntarily dismissed its appeal of the district court's grant of a new sentencing proceeding. *Nguyen v. Floyd*, No. 20-2073 (6th Cir. Apr. 22, 2021), ECF No. 22. This left only Plaintiff's appeal of the denial of his other claims. On September 23, 2021, the Sixth Circuit denied Plaintiff relief and a certificate of appealability. *Nguyen v. Floyd*, No. 20-2059 (6th Cir. Sept. 23, 2021), ECF No. 23 ("[R]easonable jurists would not debate" the district court's resolution of the denied claims).

In this case, Plaintiff argues that the prison mailroom failed to deliver him two letters that his habeas counsel sent him informing him of the Sixth Circuit's denial. ECF No. 1 at PageID.6. His evidence is later correspondence with his habeas counsel and tracking documents from the United States Postal Service confirming that his counsel sent those letters. *Id.* at PageID.19–24. Plaintiff asserts that when he received the Sixth Circuit's decision, it was too late for him to file a petition for en banc rehearing or a petition for a writ of certiorari. *Id.* at PageID.6. The Complaint's attachments demonstrate that Plaintiff filed a motion for en banc reconsideration that was denied as untimely. *Id.* at PageID.26.

Plaintiff seeks a declaratory judgment that Defendants violated his constitutional right to access to the courts, nominal and other damages, attorney's fees and costs, and "such other and further relief as this court may deem proper and just." *Id*. at PageID.10.

## II.

The Complaint implicates Plaintiff's First Amendment right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access prohibits prison officials from erecting barriers that might impede the inmate's access to the courts. *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). Interference with a prisoner's legal mail unconstitutionally impedes access to the courts.

### A.

In order to state a viable claim for interference with his access to the courts, however, Plaintiff must demonstrate an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. To that end, Plaintiff must plead and demonstrate that the official interference hindered his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury. *Lewis*, 518 U.S. at 355; *see Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). Moreover, an underlying action of one of these categories must have asserted a nonfrivolous claim. *Lewis*, 518 U.S. at 353; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (holding that *Lewis* changed the actual-injury inquiry to require that the action be nonfrivolous).

The Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Plaintiff's Complaint must therefore assert facts demonstrating that "a nonfrivolous legal claim ha[s] been frustrated or was being impeded." *Id*. at 415. And Plaintiff's Complaint must plead the "underlying cause of action and its lost remedy . . . by allegations . . . sufficient to give fair notice to the defendant." *Id*. at 416, 417–18. To meet these requirements, Plaintiff must demonstrate (1) the loss of a nonfrivolous and arguable claim that is "more than a mere hope;" (2) Defendants' acts that caused the loss of his nonfrivolous claim; and (3) a remedy that is awardable as recompense but not otherwise available in a lawsuit that may yet be brought. *Id*. at 415-16; *see also Clark v. Johnston*, 413 F. App'x 804, 816 (6th Cir. 2011) (unpublished).

**B.**

Plaintiff's Complaint does not assert facts demonstrating that he suffered an actual injury. He has not asserted that his habeas appeal contained a nonfrivolous claim that was lost with ability to file a petition for en banc rehearing or a petition for a writ of certiorari. Although Plaintiff's habeas petition contained one meritorious claim relating to his sentence, it was not a part of the appeal that Plaintiff was still pursuing during the alleged interference with his mail.

The Sixth Circuit order, which Plaintiff asserts he did not receive, denied him a certificate of appealability with respect to his rejected claims. The district court not only found those claims to be without merit but also determined that "no reasonable jurist would argue that Nguyen should be granted habeas relief on those claims." *Nguyen v. Barrett*, No. 2:17-CV-11294, 2020 WL 9600819, at *11 (E.D. Mich. Oct. 1, 2020). The Sixth Circuit made the same finding. *Nguyen v.*

*Floyd*, No. 20-2059 (6th Cir. Sept. 23, 2021), ECF No. 23. Plaintiff's remaining claims, therefore, were frivolous.

And Plaintiff pleads no facts to assert that he had some nonfrivolous argument to present en banc or to the Supreme Court. *See Shehee v. Grimes*, 39 F. App'x 127 (6th Cir. 2002) (unpublished) (holding that the plaintiff did not suffer injury because the underlying petition for certiorari was frivolous); *see also Fawley v. Geo Grp.*, No. CIV 11-0181 LH/KBM, 2013 WL 12140995, at *22 (D.N.M. Mar. 18, 2013) (finding that the plaintiff was not denied meaningful access to the courts because petitions for certiorari are "rarely" granted based on an asserted misapplication of a properly stated rule of law), *report and recommendation adopted*, No. CV 11-0181 LH/KBM, 2013 WL 12156035 (D.N.M. Apr. 24, 2013), *aff'd*, 543 F. App'x 743 (10th Cir. 2013) (unpublished), *aff'd*, 543 F. App'x 743 (10th Cir. 2013) (unpublished). Accordingly, Plaintiff fails to state a viable denial of access to the courts claim.

## C.

The Complaint is also subject to dismissal for a second reason. The Sixth Circuit has held that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars an access-to-the-courts claim that necessarily implies invalidity of a conviction or sentence. *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019). In *Sampson*, the Sixth Circuit held that the plaintiff's access-to-the-courts claim that prison officials deprived him of transcripts, exhibits, and other records for use in his direct appeal was barred by *Heck* because "a favorable judgment . . . would necessarily bear on the validity of his underlying judgment." *Id.* at 882. The same is true here.

A favorable judgment on Plaintiff's claim would require a finding that he had a viable argument to present in either his motion for en banc reconsideration or a writ of certiorari to the Supreme Court. But that viable argument would imply the invalidity of Plaintiff's convictions

because the claims that he was raising in his habeas appeal asserted that his convictions were invalid. *Heck* therefore bars his claims.

Because Plaintiff has not asserted facts demonstrating that he suffered an actual injury and because his claim is barred by *Heck*, the Complaint will be summarily dismissed.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is summarily **DISMISSED** under 42 U.S.C. § 1915(e)(2) for failure to state a claim.

Further, it is **ORDERED** that the Order Directing Plaintiff to Correct Filing Deficiency, ECF No. 3, is **VACATED**.

Dated: August 2, 2022                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge